422 A.2d 190

COMMONWEALTH of Pennsylvania, Appellant,

v.

Clem KARPINSKI, Jr.

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Oct. 31, 1980.

Petition for Allowance of Appeal Denied Feb. 23, 1981.

324

R. Michael Kaar, Assistant District Attorney, Milton, for Commonwealth, appellant.

Robert L. Walsh, Sunbury, for appellee.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

MONTGOMERY, Judge:

The instant appeal is from an Order of the Court of Common Pleas of Northumberland County, granting a defense motion to suppress evidence. The evidence in question consisted of two bags of coins seized by police upon a search of a City of Sunbury police car. On this appeal, the Commonwealth argues that the suppression order was erroneous on several grounds.

* Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

A suppression hearing was held by the lower court. The record of that hearing reveals that the Defendant–Appellee was the Police Chief of the City of Sunbury at the time of the the proceedings before the lower court. Reports had been made to the Pennsylvania state police that the Appellee was taking money from the City's parking meter collections. On April 3, 1978, following surveillance and other police investigation, State Police officers obtained a search warrant for the search of the police vehicle which was being operated on that date by the Appellee.[1]  A search was conducted of the vehicle, and two bags of coins were seized from under the front seat. The Appellee was arrested and thereafter filed his pretrial application to suppress evidence. Following a suppression hearing, the lower court ordered that the seized coins could not be introduced as evidence. At the suppression hearing, the Commonwealth conceded that the search warrant used by State Police was not valid because it had not been issued by a neutral and detached magistrate. Apparently, the magistrate who had issued the warrant had also provided information to the State Police during their course of the investigation of the Appellee. Both in the lower court and on this appeal, the Commonwealth has argued that the insufficiency of the search warrant was immaterial, because a search and seizure without warrant was justified upon other grounds. We believe that contention has merit, and we will reverse.

While the Commonwealth has raised several arguments in support of its position in this appeal, we find particularly convincing its contention that the area of the search, a city police car, was not a place in which one may have any legitimate expectation of privacy from governmental intrusion. The right of an individual to be free from unreasonable governmental intrusions in the context of searches and

1. The record indicates that the vehicle was one of four police cars owned by the City of Sunbury. No particular police car was assigned to the Appellee; he and other police officers used all of the vehicles. The vehicle searched was one which the Appellee had used earlier in the day to pick up coin bags containing parking meter collections.

seizures by police authorities is established in the Fourth Amendment to the United States Constitution. The United States Supreme Court has on many occasions issued decisions construing the rights of our citizens under the Fourth Amendment. We find the holdings in several decisions of that Court supportive of the Commonwealth's argument concerning the lack of a reasonable expectation of privacy with respect to the police car in this case.

In *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the Court discussed what it perceived as the underlying philosophy of the Fourth Amendment. The Court stated that the "... Fourth Amendment protects people, not places" (389 U.S. at 351, 88 S.Ct. at 511), and held that the right to claim the protection of the Fourth Amendment rests not upon a property right, but rather whether the person claiming Fourth Amendment protections has a *"legitimate expectation of privacy in the place searched."* 389 U.S. at 353, 88 S.Ct. at 512.

The Court recently again discussed that view in its decision in *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); rehearing denied 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83 (1979). In that case, the Court majority rejected the test of standing that allowed a challenge to a search, on Fourth Amendment grounds, to one who was "legitimately on the premises" of the place searched. Rather, the Court again stated that the test was whether the individual possessed a legitimate expectation of privacy in the particular area searched.

The Court in *Rakas* specifically discussed the meaning it attached to the word "legitimate" as used in phrase "legitimate expectation of privacy." The Court stated, at footnote 12 (439 U.S. at 143, 99 S.Ct. at 430):

"Obviously, however, a 'legitimate' expectation of privacy by definition means more than a subjective expectation of not being discovered. A burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as 'legitimate'. His presence

... is 'wrongful'; *his expectation is 'not one that society is prepared to recognize as "reasonable." ' Katz v. United States,* 389 U.S., at 361, 88 S.Ct. 507, [516], 19 L.Ed.2d 576 (1967) (Harlan, J., concurring) ... *Legitimation of expectations of privacy by law must have a source outside of the Fourth Amendment,* either by reference to concepts of real or personal property law *or understandings that are recognized and permitted by society."* (emphasis supplied).

Applying these guidelines, we conclude that there is no ground upon which the Appellee in this case could have *legitimately* expected privacy in the storage place chosen, a city police car.

We simply cannot conceive any factual situation, including that presented in the instant case, where we would find that any person would have a *reasonable* or *legitimate* right to expect that a police vehicle would be private and safe from governmental intrusion. We do not believe, in the words of the Supreme Court in *Katz,* that such an expectation is one that "... society is prepared to recognize as 'reasonable.' " 389 U.S. at 361, 88 S.Ct. at 520. There is no arguable basis under any "understandings that are recognized and permitted by society" (*Rakas,* 439 U.S. at 143, fn. 12, 99 S.Ct. at 430, fn. 12), for one to conclude that a police car would be a place to conceal illicit objects without the likelihood of unfettered governmental search and seizure. To hold otherwise would not only be illogical, but it would clearly be contrary to anything which our society has ever been prepared to accept as proper. Instead we strongly and clearly hold that one has no legitimate right to expect privacy from governmental searches and seizures when storing objects or things in a police vehicle.

Based upon that holding, we must declare that the Appellee had no standing to complain of the search of the police vehicle in which the bags of coins were discovered. In these circumstances, we do not deem it necessary to discuss the merits of the remaining arguments raised by the Commonwealth on this appeal.

The order of the lower court suppressing evidence is vacated, and this case is remanded to the lower court for further criminal proceedings.